# Exhibit A

# IN THE SUPERIOR COURT OF THOMAS COUNTY
## STATE OF GEORGIA

KIMBERLY NGUYEN,

               Plaintiffs,

v.

TRONG LE,
Individually,

VIVIAN LE
Individually, and

LE'S MODERN NAILS, LLC,

               Defendants.

CIVIL ACTION NO.: 15-CV 0043

## SUMMONS

TO THE ABOVE NAMED DEFENDANT TRONG LE:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name is:

> Julia E. Snow
> Kelley & Snow, LLP
> Attorneys at Law
> 215 E. Washington Street
> Thomasville, GA  31792

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 22 day of January, 2015.

BY: _____
CLERK/DEPUTY CLERK

COPY

## IN THE SUPERIOR COURT OF THOMAS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **KIMBERLY NGUYEN,**<br><br>Plaintiff,<br><br>v.<br><br>**TRONG LE**<br>individually,<br><br>**VIVIAN LE**<br>individually, and<br><br>**LE'S MODERN NAILS, LLC,**<br><br>Defendants. | **CIVIL ACTION**<br><br>FILE # 15-CV 0043<br><br>THOMAS COUNTY<br>CLERK OF COURT<br>FILED IN OFFICE<br><br>JAN 22 2015<br><br>CLERK DEP. CLERK |

## V E R I F I C A T I O N

**NOW COMES**, the undersigned, Kimberly Nguyen, who, after being duly sworn, deposes and respectfully shows the Court that the foregoing facts contained in the **Complaint for Damages** relating to the action in which Kimberly Nguyen is the Plaintiff are true and correct to the best of her knowledge and belief.

This 8th day of January, 2015.

Kimberly Nguyen

Sworn to and subscribed before me
this 8th day of January, 2015.

Dana K. Reynolds
Notary Public



KELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

IN THE SUPERIOR COURT OF THOMAS COUNTY

STATE OF GEORGIA

| | |
|---|---|
| KIMBERLY NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>TRONG LE<br>individually,<br><br>VIVIAN LE<br>individually, and<br><br>LE'S MODERN NAILS, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>FILE #15 - CV 0043 |



### COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Kimberly Nguyen, and files the within Complaint against Trong Le, individually, Vivian Le, individually, and Le's Modern Nails, LLC, and in support thereof avers the following:

1. The Plaintiff, Kimberly Nguyen, at all times pertinent hereto, is an adult individual residing in Thomas County, Georgia.

2. Defendant Trong Le, at the time the events as set forth herein below, was an adult individual residing in Thomas County.

/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 1 of 15



3. Defendant Trong Le at all times pertinent hereto, is an adult individual residing in Thomas County who may be served by and through his attorney, James C. Brown, located at 1838 Old Norcross Road, Suite 200, Lawrenceville, GA 30044.

4. At all times pertinent hereto it is believed and therefore averred that Defendant Trong Le was the part owner, operator and employee of Le's Modern Nails, LLC, located at 15183 U.S. 19, Thomasville, Georgia 31792 in Thomas County, Georgia, and 307 8th Avenue N.E., Cairo, Georgia 39827 Grady County, Georgia, duly licensed in the State of Georgia, and may be served by and through its attorney, James C. Brown, located at 1838 Old Norcross Road, Suite 200, Lawrenceville, GA 30044.

5. Defendant Vivian Le, at all times pertinent hereto, is an adult individual residing in Thomas County who may be served by and through her attorney, James C. Brown, located at 1838 Old Norcross Road, Suite 200, Lawrenceville, GA 30044.

6. At all times pertinent hereto it is believed and therefore averred that Defendant Vivian Le was the part owner, operator and employee of

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

Le's Modern Nails, LLC, located at 15183 U.S. 19, Thomasville, Georgia 31792 in Thomas County, Georgia, and 307 8th Avenue N.E., Cairo, Georgia 39827 Grady County, Georgia, duly licensed in the State of Georgia with the Registered Agent for Service listed as Madalema Tomaya located at 2381 Shallowford Terrace, Chamblee, Georgia 30341.

7. Venue is proper in this Court because Thomas County is where Defendant(s) resides. GA CONST. Art. 6, § 2, ¶ VI. Venue is also proper in this Court because it involves joint tort-feasors. GA CONST. Art. 6, § 2, ¶ IV.

8. Plaintiff worked at the Thomasville and Cairo locations of Le's Modern Nails, LLC from December 2008 until July 2014 as a nail technician.

9. During the time that Plaintiff worked at the entities owned and operated by Defendants, Plaintiff was subjected to frequent requests for sexual intercourse, sexual conversations, overtures and innuendo by Defendant Trong Le.

///

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 3 of 15

10. Plaintiff always objected to and rejected Defendant Trong Le's behavior.

11. It is believed and therefore averred that Defendant Vivian Le was aware of Defendant Trong Le's unwelcome sexual advances, yet failed to take any action to correct the situation.

12. It is believed and therefore averred that other employees/co-workers were aware of the behavior of Defendant Trong Le.

13. Defendant Trong Le's actions created a hostile work environment for Plaintiff.

14. On July 15, 2014, while working at the Thomas County location, Plaintiff was accosted by Defendant Trong Le who pushed her against the wall, forcibly removed her clothing, touched her inappropriately and attempted to rape her. At the time of the attempted rape, Defendant Trong Le had an erection from sexual arousal and ejaculated on her person.

///

///

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 4 of 15

15. Plaintiff was able to escape from Defendant Trong Le's unwanted and rejected sexual advances and reported the incident to the Thomas County Sheriff's Department. He was subsequently charged with rape and kidnapping.

16. As a result of the aforementioned actions and the hostile work environment, Plaintiff was forced to resign from her position at Modern Nails, LLC.

17. As a sole and proximate result of Defendants' actions, Plaintiff has suffered extreme emotional distress for which she is receiving psychological treatment. It is believed and therefore averred that her condition is permanent and that she will continue to need treatment for an extended period of time.

18. As a sole and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur medical and psychological treatment expenses.

19. As a sole and proximate result of Defendants' actions, Plaintiff has lost wages and suffered a diminishment of her economic horizons.

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

Plaintiff's mental distress has affected her ability to perform her job at her prior level of expertise.

20. As a sole and proximate result of Defendants' actions, Plaintiff may have suffered an aggravation or exacerbation of a pre-existing condition.

21. As a sole and proximate result of Defendants' actions, Plaintiff has been subject to ridicule and embarrassment, humiliation and loss of life's pleasure.

## COUNT I

## ASSAULT AND BATTERY

22. Paragraphs 1 through 21 are incorporated herein as if more fully set forth at length.

23. Defendant Trong Le committed a battery when he intentionally touched Plaintiff in an inappropriate, unauthorized and offensive manner.

/ / /

/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
· E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 6 of 15

24. Defendant Trong Le intended to cause and did cause a harmful contact with Plaintiff's person.

25. Plaintiff did not consent to Defendant Trong Le's acts.

26. Defendant also committed an assault against Plaintiff when he intentionally caused fear or apprehension of unauthorized physical contact by himself against Plaintiff.

27. As a direct and proximate result of Defendant Trong Le's acts, Plaintiff has suffered extreme psychological damage to include post traumatic stress disorder, major depression, anxiety and humiliation.

28. It is believed and therefore averred that these injuries are permanent and will result in long term disability.

29. Defendant Vivian Le was aware of the actions of Defendant Trong Le and did nothing to protect Plaintiff.

30. Defendant Le's Modern Nails, LLC, ratified Defendant Trong Le's assault and battery through retention of him in its employ.

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

31. Defendant Le's Modern Nails, LLC, was negligent in that it, through the exercise of reasonable care, should have known that Defendant Trong Le would engage in the battery and assault of a fellow employee, but nevertheless continued its employment of him.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Paragraphs 1 through 31 are incorporated herein as if more fully set forth at length.

33. The actions as set forth in this Complaint were the sole and proximate cause of emotional distress to Plaintiff.

34. Defendant Trong Le performed these actions willfully and wantonly and with the intent that it was likely to cause emotional distress.

35. Defendant Trong Le's actions were such as would naturally humiliate, embarrass, frighten, or outrage the plaintiff.

/ / /

/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 8 of 15

36. Defendant Vivian Le was aware of the actions of Defendant Trong Le and did nothing to protect Plaintiff.

37. As a result of these actions, Plaintiff suffers from post traumatic stress disorder, major depression and anxiety.

38. Defendant Le's Modern Nails, LLC, ratified Defendant Trong Le's intentional infliction of emotional distress through retention of him in its employ.

39. Defendant Le's Modern Nails, LLC, was negligent in that it, through the exercise of reasonable care, should have known that Defendant Trong Le would engage in the intentional infliction of emotional distress upon a fellow employee, but nevertheless continued its employment of him.

## COUNT III

### TORTIOUS INTERFERENCE WITH EMPLOYMENT RIGHTS

40. Paragraphs 1 through 39 are incorporated herein as if more fully set forth at length.

/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
. E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 9 of 15

41. Defendant Trong Le committed tortious interference with Plaintiff's employment rights when he committed the acts alleged within this Complaint.

42. Defendant Trong Le acted improperly and without privilege when he sexually assaulted and sexually battered Plaintiff within the workplace.

43. Defendant Trong Le's actions were purposeful and with malice with intent to injure.

44. Defendant Trong Le's actions induced a third party or parties not to enter into or continue a business relationship with Plaintiff.

45. Defendant Trong Le's actions caused Plaintiff some financial injury.

46. Defendant Vivian Le was aware of the actions of Defendant Trong Le and did nothing to protect Plaintiff.

47. Defendant Le's Modern Nails, LLC, ratified Defendant Trong Le's tortious interference of the employment rights of another employee through retention of him in its employ.

KELLEY & SNOW, LLP
ATTORNEYS AT LAW
5 E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 10 of 15

48. Defendant Le's Modern Nails, LLC, was negligent in that it, through the exercise of reasonable care, should have known that Defendant Trong Le would engage in the tortious interference of the employment rights of a fellow employee, but nevertheless continued its employment of him.

## COUNT IV

## HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT

49. Paragraphs 1 through 48 are incorporated herein as if more fully set forth at length.

50. The actions of the Defendants, individually and collectively, created a hostile work environment for the Plaintiff who objected to and rejected Defendant Trong Le's unwanted sexual advances and overtures.

51. Defendant Trong Le, who was in a supervisory position, created a hostile work environment for Plaintiff through his unwanted sexual advances.

/ / /
/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

52. Defendant Vivian Le, who was in a supervisory position, allowed the hostile work environment to persist with full knowledge and acceptance.

53. Defendant Modern Nails, LLC., permitted its employees, owners, supervisors, etc., to act in inappropriate and hostile manners towards co-workers to the extent that a hostile work environment existed.

54. A hostile work environment claim under Title VII is established upon proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." See Harris v. Forklift Systems, Inc., 510 U.S. 17 at 21.

55. Plaintiff belongs to a protected group; specifically, she is a female, a group that has been subjected to sexual harassment in the workplace. See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269 at 1275.

56. Plaintiff has been subjected to unwelcome harassment.

///

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 12 of 15

57. The harassment was based on a protected characteristic of Plaintiff/employee, namely, her sex.

58. The harassment that Plaintiff was subjected to was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

59. The defendants are responsible for such environment under either a theory of vicarious or of direct liability.

60. This court has concurrent original jurisdiction over sexual harassment claims brought pursuant to federal employment law. See <u>Collins v. Department of Transp.</u>, 208 Ga.App. 53.

61. Plaintiff timely filed a Title VII claim with the Equal Employment Opportunity Commission (EEOC) regarding this matter, and has been provided with a "Notice of Suit Rights" letter, attached hereto as Exhibit A.

///

///

///

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 13 of 15

## COUNT V

## PUNITIVE DAMAGES

62. Paragraphs 1 through 61 are incorporated herein as if more fully set forth at length.

63. The Defendants' actions constitute willful misconduct, malice, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

**WHEREFORE**, Plaintiff makes the following prayer for relief:

a. That service of process be issued as provided by law;

b. That Plaintiff have a trial by a jury of her peers;

c. That the Plaintiff be awarded general, special and punitive damages as determined by the enlightened conscience of the jury but in an amount no less than $500,000.00.

d. That the Plaintiff be awarded court costs and costs of litigation;

/ / /

/ / /

ELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 14 of 15

e. That the Plaintiff be awarded whatever other remedies the Court deems appropriate.

DATED this 22 day of January, 2015.

**KELLEY & SNOW, LLP**

*Julie E. Snow*

Julia E. Snow
Georgia State Bar No. 141856
Of Attorneys for Plaintiff

KELLEY & SNOW, LLP
ATTORNEYS AT LAW
E. WASHINGTON STREET
THOMASVILLE, GA
31792

COMPLAINT FOR DAMAGES
Page 15 of 15

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Kimberly Nguyen  
5878 Five Forks Road  
Boston, GA 31626

From: Atlanta District Office  
100 Alabama Street, S.W.  
Suite 4R30  
Atlanta, GA 30303



☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2014-05046 | Triet Bui, Investigator | (404) 562-6948 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☒ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,  
District Director

NOV 20 2014  
(Date Mailed)

Enclosures(s)

cc: Milton C. Green  
Attorney  
JOHN LAW FIRM, P.C.  
1838 Old Norcross Road  
Suite 200  
Lawrenceville, GA 30044

RECEIVED

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*